| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | YOSHINORI H. T. HIMEL<br>Assistant U.S. Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, California 95814 |
| 4 | Telephone:  (916) 554-2760 |
| 5 | Attorneys for Federal Defendants, ROBERT M. HARO and HARRELL WATTS |
| 6 | DAWN O. BITTLESTON, Esquire<br>Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball |
| 7 | 4550 California Ave., 2nd Fl.<br>Bakersfield, CA 93309 |
| 8 | Telephone: (661) 395-1000 |
| 9 | Attorneys for Nonfederal Defendants, RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, |
| 10 | WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION |

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID S. KING, | | CIV-F-04-5724-REC/WMW-PS |
| | Plaintiff, | **STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT** |
| | v. | |
| RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION; ROBERT M. HARO and HARRELL WATTS, | | |
| | Defendants. | |

DAVID S. KING, plaintiff; RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION, nonfederal defendants; and ROBERT M. HARO and HARRELL WATTS, federal defendants, through

their undersigned attorneys, subject to the Court's approval as provided for hereon, hereby stipulate:

1. The parties agree to settle and compromise this action under the terms and conditions set forth herein.

2. WACKENHUT CORRECTIONS CORPORATION, nonfederal defendant, shall make a check payable to "DAVID S. KING" in the amount of SIXTEEN THOUSAND SIX HUNDRED DOLLARS ($16,600). In addition, as the result of the settlement of plaintiff's administrative claim to the United States Department of Justice, Bureau of Prisons ("BOP") under the Federal Tort Claims Act, the BOP is making a Treasury check for FORTY-ONE THOUSAND TWO HUNDRED DOLLARS ($41,200), less any debts owed to the United States, to plaintiff. These payments are in full settlement and satisfaction of any and all claims, demands, rights, and causes of action, of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily, emotional, reputational and personal injuries, damage to property, and consequential damage, resulting or to result from the subject matter that gave rise to the above-styled action, including any claims for wrongful death, for which plaintiff or his heirs, executors, administrators, successors or assigns, and each of them, now have, or may hereafter acquire, against RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION, nonfederal defendants; the UNITED STATES OF AMERICA, its agencies, agents, servants, and employees; or ROBERT M. HARO and HARRELL WATTS, federal defendants.

3. Plaintiff and his heirs, executors, administrators or assigns shall accept the sums stated in paragraph 2, above, in full settlement and satisfaction of any and all claims, demands, rights, and causes of action, of whatsoever kind and nature, including any future claim for wrongful death, arising from any and all known and unknown, foreseen and unforeseen, bodily, emotional, reputational and personal injuries, damage to property and consequential damage, that he may have or later acquire, against RAYMOND D.

ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION; the UNITED STATES OF AMERICA, its agencies, agents, servants and employees; or ROBERT M. HARO and HARRELL WATTS, on account of the subject matter that gave rise to this lawsuit.

  4. Plaintiff and his heirs, executors, administrators, successors or assigns shall reimburse, indemnify and hold harmless RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION; the UNITED STATES OF AMERICA, its agencies, agents, servants, and employees; and ROBERT M. HARO and HARRELL WATTS, from any and all causes of action, claims, liens, rights, or subrogated or contribution interests, incident to or resulting from further litigation or the prosecution of claims, including claims for wrongful death, by plaintiff or his heirs, executors, administrators, successors or assigns, against any third party or against RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION; the UNITED STATES OF AMERICA, its agencies, agents, servants, and employees; or ROBERT M. HARO and HARRELL WATTS, on account of the subject matter that gave rise to this lawsuit.

  5. This settlement and this stipulation for compromise settlement are not an admission of liability or fault on the part of RAYMOND D. ANDREWS, MARILYN RUFF (MANDY RUFF), NICHOLLE PENCE, JOSEPH M. WHITE, PEGGY KINMAN, WALTER W. BARNES and WACKENHUT CORRECTIONS CORPORATION; the UNITED STATES OF AMERICA, its agencies, agents, servants, and employees; or ROBERT M. HARO and HARRELL WATTS, on the part of DAVID S. KING.  All sides enter into it to compromise disputed claims and avoid the expenses and risks of litigation.

  6. The amounts stated in paragraph 2 represent the entire amount of the compromise settlement.  The parties shall bear their own costs, attorney's fees, and expenses.

7. In consideration of the payment of the amounts set forth above, plaintiff shall make a full release of all claims in form satisfactory to defendants.  In making such a release, plaintiff states that he has read and hereby waives any rights under Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtors.

8. In consideration of the payment of the amounts set forth above, plaintiff shall obtain signatures and file with the court all documents necessary to cause the above-styled action to be dismissed with prejudice from the court's docket.

10. This stipulation may be executed in parts.

Dated:  April 27, 2005                         /s/ David S. King
                                               DAVID S. KING


Dated:  May 2, 2005                            McGREGOR W. SCOTT
                                               United States Attorney

                                       By:     /s/ Y H T Himel
                                               YOSHINORI H. T. HIMEL
                                               Assistant U. S. Attorney


Dated:  May 10, 2005                           KLEIN, DeNATALE, GOLDNER,
                                               COOPER, ROSENLIEB &
                                               KIMBALL, LLP

                                       By:     /s/ Dawn Bittleston
                                               DAWN O. BITTLESTON

<u>ORDER</u>

It is SO ORDERED.

DATED:   <u>May 20, 2005</u>   , 2005        <u>/s/ ROBERT E. COYLE</u>
                                            UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on **May 17, 2005**, she served a copy of:

**STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT**

by placing said copy in an envelope addressed to the persons hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Sacramento, California.

Addressee(s):

Mr. David S. King
27 Maxville Road
Philipsburg, MT 59858

/s/ Pamela Beauvais
PAMELA BEAUVAIS